**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA, for the Use and Benefit of New England Steel, Inc.** | : |
| **vs.** | : |
| **TANTARA ASSOCIATES CORPORATION and WESTCHESTER FIRE INSURANCE COMPANY** | : |

**Jurisdiction**

This matter is subject to the jurisdiction of this Court pursuant to 40 United States Code Sec. 270b(b) as a claim brought under the Miller Act and Venue rests exclusively with this Court.

**Complaint**

1. New England Steel, Inc. (NESI) is a Rhode Island corporation with its principal place of business in Cranston, Rhode Island.

2. Tantara Associates Corporation (Tantara) is, upon information and belief, a Massachusetts corporation with its principal place of business in Worcester, Massachusetts.

3. Westchester Fire Insurance Company (Westchester) is a bonding insurance company licensed to do business in Rhode Island.

4. NESI is principally a subcontractor on construction projects involving fabrication, delivery and installation of steeling building products.

5. Tantara is a general contractor principally engaged in the new construction and renovation of existing buildings.

6. Westchester is a bonding and surety company providing labor and material payment bonds for general contractors pursuant to United States Code Sec. 270b(b).

7. Tantara was the general contractor on a project known as Fort Rodman Barricade Project, New Bedford, Massachusetts, Contract No. W912WJ-13-C-0017 (the Project).

8. Tantara entered into a subcontract agreement with NESI for the labor, supervision, tools, materials, equipment, transportation, management and incidental related work required to complete the manufacture and install of the steel barricade railings at the multiple locations at the Project.

9. Tantara was in direct contract with the United States Navy for the renovation of the Project.

10. Pursuant to the terms and conditions of its subcontract, NESI was to provide labor, supervision, tools, materials, equipment, transportation, management and incidental related work required to complete the manufacture and install of the steel barricade railings at the multiple locations as indicated on the Project.

11. NESI performed its work in a satisfactory and workmanlike manner, and completed the work on the Project pursuant to the plans and specifications provided by Tantara.

12. The original contract between Tantara and NESI provided that Tantara would pay $315,000 to NESI upon completion of its work.

13. Westchester provided a labor and material payment bond, a copy of which is attached as **Exhibit A** on the Project, and pursuant to the Miller Act.

14. The terms and conditions of the payment bond require Westchester to pay any entity providing labor and material to the Project for which payment has not been made by Tantara.

15. Upon completion of the Project, NESI invoiced Tantara for the labor and material it provided on the Project.

16. Tantara made partial payment, but there is an outstanding balance due NESI for labor and materials in the amount of $51,500.00.

17. NESI is due a balance of $51,500.00, plus interest and costs, and reasonable attorney's fees for the failure of Tantara to pay the monies due.

18. NESI is due from Tantara a balance of $51,500.00, plus interest and costs, and reasonable attorney's fees for the failure of Westchester to honor the terms and conditions of the payment bond.

19. At the conclusion of the Project, NESI provided notice to both Westchester and Tantara by certified mail that it was due a balance on the contract for which payment had not been received.

20. Neither Tantara nor Westchester honored the terms and conditions of the subcontract agreement or the payment bond, respectively, by making payment to NESI for the balance due.

## COUNT I
## Miller Act

21. NESI hereby realleges the allegations set forth in Paragraphs 1 through 20, as if set forth in full herein.

22. NESI entered into a subcontract agreement with Tantara on the Project.

23. On the same Project, Westchester provided a Miller Act Bond guaranteeing payment to all those who provided labor and material on the Project for which payment is not made in a timely manner.

24. Demand was made by NESI to Tantara and Westchester for the balance of monies due.

25. Neither Westchester nor Tantara made payment in accordance with the terms and conditions of the subcontract agreement or the labor and material payment bond.

26. NESI is a claimant pursuant to United States Code Sec. 270b(b).

27. NESI has given proper notice to both Westchester and Tantara of the claim.

**WHEREFORE**, New England Steel, Inc. demands judgment against Tantara Associates Corporation and Westchester Fire Insurance Company in the amount of $51,500.00, plus interest, costs and attorney's fees.

## COUNT II
## Breach of Contract

28. NESI hereby realleges the allegations set forth in Paragraphs 1 through 27, as if set forth in full herein.

29. NESI entered into a subcontract agreement with Tantara.

30. NESI provided the labor and material in accordance with the specifications of a subcontract agreement in a satisfactory and workmanlike manner.

31. NESI invoiced Tantara during the course of its performance.

32. Tantara has made partial payment against the invoices submitted by NESI.

33. NESI has not received the balance of monies due after repeated demands on Tantara.

34. Tantara has breached the agreement by failing to pay the monies due NESI on the Project.

**WHEREFORE**, New England Steel, Inc. demands judgment against Tantara Associates Corporation and Westchester Fire Insurance Company in the amount of $51,500.00, plus interest, costs and attorney's fees.

Plaintiff
By its attorney,

Joseph J. Reale, Jr.-#3158
Joseph J. Reale, Jr., Ltd.
400 South Main Street
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917

Dated: April 14, 2015

# EXHIBIT A

| PAYMENT BOND<br>*(See instructions on reverse)*<br>Bond No. K08888620 | DATE BOND EXECUTED *(Must be same or later than date of contract)*<br>10/3/13 | OMB No. : 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, D.C. 20405

| | |
|---|---|
| PRINCIPAL *(Legal name and business address)*<br>Tantara Associates Corporation<br>54 Mason Street<br>Worcester, Massachusetts 01610 | TYPE OF ORGANIZATION ("X" one)<br>☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION<br>Massachusetts |
| SURETY (IES) *(Name(s) and business address(es))*<br>WESTCHESTER FIRE INSURANCE COMPANY<br>140 Broadway<br>New York, New York 10001 | PENAL SUM OF BOND<br>MILLION(S): 000 \| THOUSAND(S): 679 \| HUNDRED(S): 212 \| CENTS: 00<br>CONTRACT DATE: 9/24/13 \| CONTRACT NO.: W912WJ-13-0017 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**

| | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. [signature] (Seal) | 2. (Seal) | 3. (Seal) | CORPORATE SEAL |
| NAME(S) & TITLE(S) *(Typed)* | 1. Sam A. Deaton President | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) *(Typed)* | 1. | 2. |

**CORPORATE SURETY(IES)**

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | WESTCHESTER FIRE INSURANCE COMPANY<br>140 Broadway New York, New York 10001 | STATE OF INC.<br>Pennsylvania | LIABILITY LIMIT<br>$81,370,000.00 | CORPORATE SEAL |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. Mark D. Leskanic<br>Attorney-In-Fact | 2. | | |

AUTHORIZED FOR LOCAL PRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR)

## CORPORATE SURETY(IES) *(Continued)*

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.