UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use And Benefit of New England Steel, Inc.<br><br>Plaintiff,<br><br>v.<br><br>TANTARA ASSOCIATE CORPORATION and WESTCHESTER FIRE INSURANCE COMPANY<br><br>Defendants. | Civil Action No. 1:15-CV-11588-NMG |

**ANSWER AND COUNTERCLAIM OF THE DEFENDANT TANTARA ASSOCIATE CORPORATION**

The Defendant, Tantara Associate Corporation ("Tantara") hereby answers the Complaint of the Plaintiff, New England Steel, Inc. as follows:

**Jurisdiction**

This section of the Complaint states a conclusion of law to which no response is required. To the extent that a response is required, Tantara denies the applicability of 40 USC §270b(b) to the claims made in this case.

**Complaint**

1. Tantara has insufficient information to either admit or deny the allegations in this paragraph and calls upon Plaintiff to prove same.
2. Admitted.
3. Tantara has insufficient information to either admit or deny the allegations in this paragraph and calls upon Plaintiff to prove same. Further, Tantara states that it is irrelevant whether Westchester Fire Insurance Company is licensed to do business in Rhode Island, as the

construction at issue took place in Massachusetts and the bond was issued to Tantara, a Massachusetts company.

4. Tantara has insufficient information to either admit or deny the allegations in this paragraph and calls upon Plaintiff to prove same.

5. Denied. Tantara is not "principally engaged in the new construction and renovation of existing buildings."

6. Tantara has insufficient information to either admit or deny the allegations in this paragraph and calls upon Plaintiff to prove same.

7. Admitted that Tantara was the general contractor on the referenced Fort Rodman Barricade Project in New Bedford. Answering further, that contract included work in a number of additional locations not referenced in plaintiff's allegation.

8. Admitted. Answering further, Tantara states that this paragraph does not full set forth the scope of Plaintiff's contract with Tantara.

9. Denied.

10. Admitted. Answering further, Plaintiff's scope of work also including the provision of field measurements, final design, submittals and the fabrication and installation necessary for the steel barricade railings at issue.

11. Denied.

12. Admitted. Answering further, Plaintiff omits that the contract between the parties was subject to specific schedule requirements and contained liquidated damages provisions that would reduce the balance of the subcontract in the event of untimely performance by Plaintiff.

13. Admitted that Defendant Westchester Fire Insurance Company issued the bond attached to the Complaint, at Exhibit A

14. This paragraph contains a legal conclusion stemming from the language contained in Exhibit A. The language shown in Exhibit A speaks for itself and Tantara is not required to respond to Plaintiff's legal interpretation of this language. To the extent that the terms of the bond differ from the conclusion stated in this paragraph, Tantara denies the allegations stated herein.

15. Admitted that Plaintiff invoiced Tantara upon the completion of the Project. Denied however due to Plaintiff's use of misleading language. The Project was completed, in large part, by others months after the original scheduled completion dates due to issues with Plaintiff's production and installation work. In fact, part of Plaintiff's work was de-scoped from their subcontract and performed by others due to Plaintiff's poor and untimely performance.

16. Denied.

17. Denied.

18. Denied.

19. Admitted that Plaintiff provided notice to Tantara of an alleged (but denied) balance due.

20. Denied.

**COUNT I**
**Miller Act**

21. Tantara hereby realleges and incorporates by references its answers to the allegations set forth in paragraphs 1 through 20.

22. Admitted.

23. This paragraph contains a legal conclusion stemming from the language contained in Exhibit A. The language shown in Exhibit A speaks for itself and Tantara is not required to respond to Plaintiff's legal interpretation of this language. Tantara denies that payment was not

made in a timely manner as all payments due to Plaintiff were made in accordance with the subcontract or earlier.

24. Admitted that Plaintiff made a demand to Tantara. Denied that the demand related to "monies due" to Plaintiff.

25. Denied.

26. This section of the Complaint states a conclusion of law to which no response is required. To the extent that a response is required, Tantara denies the allegations contained in this paragraph.

27. This section of the Complaint states a conclusion of law to which no response is required. To the extent that a response is required, Tantara denies the allegations contained in this paragraph.

## COUNT II
## Breach of Contract

28. Tantara hereby realleges and incorporates by references its answers to the allegations set forth in paragraphs 1 through 27.

29. Admitted.

30. Denied.

31. Admitted with respect to the fact that Plaintiff submitted invoices during its performance, but without admitting that plaintiff's invoices were all submitted during the course of its contractually permitted performance.

32. Denied. Tantara has made full payment (in fact more than full payment) to Plaintiff.

33. Denied as no monies are due to Plaintiff.

34. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred for a lack of and/or untimely notice.

3. Plaintiff's Complaint is barred by the doctrine of estoppel.

4. Plaintiff's Complaint is barred by the doctrine of waiver.

5. Plaintiff's Complaint is barred by an accord and satisfaction.

6. Plaintiff's Complaint is barred by its own breach of its subcontract obligations.

7. Plaintiff's Complaint is barred to the extent that its damages are the result of its own or another party's acts or omissions for which Defendants are not responsible.

8. Plaintiff has failed to comply with all contractual and other conditions precedent before commencing this action.

9. Plaintiff's Complaint is barred by statutes of limitation and/or repose.

10. Plaintiff's claim for delay damages is barred by its failure to request a time extension.

11. Plaintiff's claims are barred or reduced by offsets and backcharges.

12. Plaintiff's claims are barred by its failure to commence suit in accordance with the time limitations under the bonds.

13. Plaintiff's claims are barred to the extent that Plaintiff failed to comply with the requirements of the Bonds.

**TANTARA ASSOCIATES CORPORATION'S COUNTERCLAIM AGAINST NEW ENGLAND STEEL, INC.**

Defendant/Plaintiff-in-Counterclaim Tantara Associates Corporation ("Tantara") brings the following counterclaim against Plaintiff and Defendant-in-Counterclaim New England Street, Inc. ("NESI") and hereby states as follows:

**PARTIES**

1. Tantara is a Massachusetts corporation with a principal place of business at 54 Mason Street, Worcester, Massachusetts.

2. NESI is Rhode Island Corporation with a principal place of business at 1655 Elmwood, Ave., Building 43, Cranston, Rhode Island.

**FACTUAL ALLEGATIONS**

3. On or about September 24, 2013, Tantara entered into Contract No. W912WJ-13-R-0016 with the United States Army Corp of Engineers, New England District (the "Prime Contract").

4. The Prime Contract was for the provision and installation of New Barricade Rail and Planting at Fort Knox, Maine.

5. On May 14, 2014 an Amendment of Solicitation/Modification of Contract was issued to the Prime Contract adding the fabrication and installation of additional fall protection barricade railing at Fort Rodman in New Bedford, MA to the scope of the Prime Contract.

6. On May 16, 2014, Tantara and NESI entered into a subcontract whereby NESI would provide all labor, supervision, tools, materials, equipment, transportation, management and incidental related work required to complete the manufacture and installation of the steel barricade railings at Fort Rodman in accordance with the project specifications, documents and drawings. (the "Subcontract")

7. The Subcontract required that NESI complete its work by August 30, 2014.

8. Article 3A of the Subcontract stated "Tantara and Subcontractor recognize that time is of the essence of this Construction Agreement and that Tantara may suffer financial loss if the Work is not completed within the times specified".

9. Despite being obligated to complete its work by August 30, 2014 in accordance with its Subcontract, on September 25, 2014, NESI requested that Tantara extend the schedule "without penalty" to December 1, 2014. NESI provided no reason why such an extension would be due pursuant to the contract documents, nor any reason for NESI's failure, as of the date of its request, to complete the project more than a month after it was contractually obligated to do so.

10. NESI did not complete its work at Fort Rodman until Mid-December 2014.

11. To assist NESI in reaching completion, Tantara partially terminated the Subcontract in order to reduce the scope of NESI's work at Fort Rodman.

12. Tantara hired an additional fabricator to manufacture steel barricades for the Project at significant additional cost relative to the schedule of values set forth in the Subcontract.

13. Further, Tantara supplemented NESI's forces with its own field staff and performed portions of NESI's installation work with its own forces in an effort to complete the project given NESI's untimely and unworkmanlike performance.

14. NESI was, at all times, aware of the additional efforts Tantara undertook to supplement NESI's untimely and deficient performance of the Subcontract.

15. Tantara incurred damages in excess of $79,205.25 as a result of NESI's untimely and deficient performance of the Subcontract.

## COUNT I
## (Breach of Contract)

16. Tantara hereby restates and incorporates its responses to Paragraphs 1-15 as if fully set forth herein.

17. Tantara and NESI entered into the Subcontract on or about May 16, 2014.

18. NESI failed to perform in accordance with the Subcontract, including failing to perform the total scope of its work, failing to meet the contractual deadlines and failing to perform its work in accordance with the specifications and drawings applicable to the Subcontract.

19. Tantara, at all times, fully and completed performed its obligations to NESI under the Subcontract.

20. Tantara incurred additional costs in the performance of the Prime Contract as a result of NESI's failure to perform in accordance with the Subcontract and Tantara was damaged in an amount in excess of $79,205.25 as a result of NESI's breaches of the Subcontract.

WHEREFORE, Tantara requests judgment against NESI in an amount to be determined at trial.

Respectfully submitted,

**TANTARA ASSOCIATES CORPORATION,**

By its attorneys,

/s/ *David H. Travers*
Christopher Weld, Jr. (BBO # 522230)
cweld@toddweld.com
David H. Travers (BBO # 667588)
dtravers@toddweld.com
Todd & Weld LLP
One Federal St., 27th Fl.
Boston, MA 02110
(617) 720-2626

Dated: May 8, 2015

## CERTIFICATE OF SERVICE

I, David H. Travers, hereby certify that this document has been filed through the ECF system, will be sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ *David H. Travers*

Dated: May 8, 2015

4831-3544-2211, v. 1