**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, for the Use and Benefit of New England Steel, Inc.** | : | |
| **vs.** | : | **Civil Action No.: 1:15-CV-11588-NMG** |
| **TANTARA ASSOCIATES CORPORATION and WESTCHESTER FIRE INSURANCE COMPANY** | : | |

# NOTICE OF DEPOSITION

Please take notice that at 10:00 a.m. on Tuesday, March 1, 2016**,** at the office of **Hodess Construction Corporation, 100 John L. Dietsch Square, N. Attleboro, MA 02763,** the Plaintiff, New England Steel, Inc., in this action, by its attorney, will conduct the deposition pursuant to Massachusetts Rule of Civil Procedure 30(b)(6) of Tantara Associates Corporation or the person or persons designated by Tantara Associates Corporation with the most knowledge to testify on its behalf, regarding all matters in controversy between the parties, as referred to in **Exhibit A** attached hereto, before a notary public or other officer authorized by law to administrate oaths.

Plaintiff
By its attorney,

/s/ *Joseph J. Reale, Jr.*

Joseph J. Reale, Jr.-#3158
Joseph J. Reale, Jr., Ltd.
400 South Main Street
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917
Email: jreale@realelawltd.com

Dated: January 29, 2016

**CERTIFICATION**

To:
via e-mail only: cweld@toddweld.com and dtravers@toddweld.com
Christopher Weld, Jr., Esq.
David H. Travers, Esq.
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110

IRONS & ASSOCIATES
33 Rollingwood Drive
Johnston, RI 02919

I hereby certify I caused to be served on the above-named counsel of record a true copy of the within Notice of Deposition on January 29, 2016.

/s/ *Joseph J. Reale, Jr.*

**EXHIBIT A**

1. The individual(s) with the most knowledge regarding the scope of the work to be performed pursuant to the Subcontract between Tantara Associates Corporation (Tantara) and the New England Steel, Inc. (NESI) on the project known as Fort Rodman Barricade Project, New Bedford, Massachusetts, Contract No. W912WJ-13-C-0017 (the Project).

2. The individual(s) with the most knowledge regarding the scope of work deleted from the Plaintiff's work on the Project and the corresponding credit issued by the Plaintiff for that work.

3. The individual(s) with the most knowledge regarding the Subcontractor who performed the scope of work which was deleted from the Plaintiff's contract on the Project, including but not limited to the scope, compensation paid and the time during which the work was performed.

4. The individual(s) with the most knowledge regarding the shop drawings submitted by Tantara to the Army Corps of Engineers for the work to be performed by NESI on the Project and all subsequent resubmittals and approvals for various installations of any NESI's materials throughout the Fort.

5. The individual(s) with the most knowledge regarding the Plaintiff's scope of work, including field measurements, final designs, submittals and fabrication approvals issued relative to the materials to be supplied by the Plaintiff.

6. The individual(s) with the most knowledge regarding the Project schedule issued by Tantara to the Army Corps of Engineers, and any subsequent revisions and modifications to the schedules throughout the course of the Project.

7. The individual(s) with the most knowledge regarding any claim, offset or counterclaim alleged by Tantara against NESI, including but not limited to the following areas:

(i) Liquidated damages;

(ii) Delay;

(iii) Cost calculations for any monetary damages alleged or offset by Tantara; and

(iv) The factual basis and calculations upon which Tantara alleges it incurred damages of $79,205.25.

8. The individual(s) with the most knowledge of the factual basis upon which Tantara predicates failure to state a claim upon which relief may be granted;

9. The individual(s) with the most knowledge of the factual basis upon which Tantara predicates untimely notice;

10. The individual(s) with the most knowledge of the factual basis upon which Tantara predicates estoppel;

11. The individual(s) with the most knowledge of the factual basis upon which Tantara predicates waiver;

12. The individual(s) with the most knowledge of the factual basis upon which Tantara predicates accord and satisfaction;

13. The individual(s) with the most knowledge of the factual basis upon which Tantara predicates the statute of limitation and/or repose;

14. The individual(s) with the most knowledge of the factual basis upon which Tantara predicates the Plaintiff's alleged failure to commence suit in accordance with the time limitations under the bonds;

15. The individual(s) with the most knowledge of the factual basis upon which Tantara predicates the Plaintiff's alleged failure to comply with the requirements of the bond.